594 P.2d 599 (1979)
NORTH WASHINGTON WATER AND SANITATION DISTRICT, a Body Corporate, Plaintiff-Appellant,
v.
MAJESTIC SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.
No. 78-693.
Colorado Court of Appeals, Division II.
February 1, 1979.
Rehearing Denied March 1, 1979.
Certiorari Denied May 7, 1979.
*600 Berger & Rothstein, P. C., David Berger, Commerce City, for plaintiff-appellant.
Atler, Zall & Haligman, P. C., Edward I. Haligman, Jill B. W. Sisson, Denver, for defendant-appellee.
VanCISE, Judge.
In an action brought by the North Washington Water and Sanitation District to foreclose a lien for sewer and water tap fees, the District appeals a summary judgment entered in favor of Majestic Savings and Loan Association (Majestic). We reverse.
The facts were stipulated and are as follows. The District provided water and sewer taps to certain land in Adams County in 1970. In November 1970, the District commenced an action against the then owners of the property to collect the tap fees, and in May 1971, a lis pendens concerning this lawsuit was recorded. In April 1972, Majestic recorded a deed of trust in its favor executed by the owners of the property. Two days later judgment was entered in favor of the District and against the owners of the property for the amount of the unpaid tap fees. This judgment was reversed on appeal, but on retrial the District obtained a new judgment in July 1976. In April 1977, the District filed the instant action to foreclose their claimed lien for the unpaid tap fees. In January 1978, Majestic became the owner of the property, receiving a public trustee's deed following foreclosure of its deed of trust.
The trial court granted Majestic's motion for summary judgment on the grounds that the District had no lien for tap fees under C.R.S.1963, 89-5-13, and that, even if such lien existed, the District had failed properly to perfect and foreclose its lien.
In Wasson v. Hogenson, Colo., 583 P.2d 914 (1978), an action brought by a water and sanitation district to foreclose a claimed lien for sewer tap fees, the Supreme Court held that under § 32-4-113(1)(l)(VI), C.R.S. 1973, which is identical to C.R.S.1963, 89-5-13, the district's lien was perpetual and superior to a prior recorded deed of trust lien.
Majestic contends that Wasson is not controlling because there the lienability of water and sanitation district tap fees was not an issue. However, C.R.S.1963, 89-5-13, provided in part:
"Until paid, all rates, tolls or charges [of a water and sanitation district] shall constitute a perpetual lien on and against the property served, and any such lien may be foreclosed in the same manner as provided by the laws of the State of Colorado for the foreclosure of mechanics' liens."
In considering this same statutory language, the court in Wasson treated the tap fees as "installation charges" for "making sewer services available to the real estate," and held that the "charges" constitute a "`perpetual lien' against the property served." We follow that interpretation.
Majestic also contends that the District did not follow the prescribed mechanic's lien foreclosure procedure. It asserts that the District must file a lien statement and comply with the six month time limit for foreclosing its lien. See §§ 38-22-109(1) and 110, C.R.S.1973. We disagree.
A lien statement is necessary in order to perfect a mechanic's lien. However, where as here, the charges are "in the nature of taxes," Wasson, supra, the lien is already perfected and a statement is not *601 required. Also, a six-month time limit is inconsistent with the statutory language that "[u]ntil paid all . . . charges shall constitute a perpetual lien on and against the property served."
Finally, Majestic contends that construing the statute as we have done violates its right to procedural due process. This issue was not raised in Wasson. However, in Bankers Trust Co. v. El Paso Pre-Cast Co., Colo., 560 P.2d 457 (1977), our Supreme Court held that the Colorado mechanic's lien statutes, which permit a lien to be filed without prior notice and hearing, did not violate the procedural due process rights of the construction lender. In so holding, the Court stated:
"[T]he cases holding mechanics' liens and other prejudgment attachments unconstitutional have uniformly involved the rights of the attached property's owner. Here, in contrast, Bankers did not own the property subject to the liens but merely held a first deed of trust to this property. At most, the filing of the mechanics' lien statements makes it possible that, after hearing under section 38-22-113, Bankers would lose its priority. In short, only after proper notice and hearing could Bankers suffer a constitutionally significant deprivation."
The reasoning of Bankers Trust is applicable here.
Also, the perpetual lien for water and sewer tap fees is analogous to a statutory lien against property for taxes or for special assessments. See Wasson, supra. And the creation of such a lien does not violate the due process rights of those persons holding a security interest perfected before imposition of the lien. See International Harvester Credit Corp. v. Goodrich, 350 U.S. 537, 76 S.Ct. 621, 100 L.Ed. 681 (1956). See also Maxwell v. State, 341 F.2d 235 (9th Cir. 1965).
We therefore conclude that the statutory lien for the charges of water and sanitation districts provided for in C.R.S.1963, 89-5-13, does not violate the due process rights of Majestic.
We have examined Majestic's other assignments of error and find them without merit.
The judgment is reversed, and the cause is remanded with directions to reinstate the action and for further proceedings consistent with this opinion.
ENOCH and BERMAN, JJ., concur.